STATE of Oklahoma, ex rel., OKLAHO-
MA DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Bryon Patrick RYAN, Appellee.

No. 50830.

Court of Appeals of Oklahoma,
Division 2.

Aug. 29, 1978.

Rehearing Denied Sept. 18, 1978.

Released for Publication by Order of
Court of Appeals Dec. 14, 1978.

Laurelee Catching Rowsey, Oklahoma Dept. of Public Safety, Oklahoma City, for appellant.

Rod L. Cook, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, for appellee.

BACON, Judge.

This appeal involves a suit by the State of Oklahoma on behalf of the Oklahoma Department of Public Safety (appellant) to recover for damage to Oklahoma Highway Patrol automobiles sustained during a high-speed chase while attempting to capture appellee.

On October 17, 1975, O.H.P. trooper Hester Burchfield, Jr., was working radar traffic control on U.S. Highway 81 in Garfield County, Oklahoma. Appellee's vehicle was clocked at 81 miles per hour and trooper Burchfield engaged his red lights on the patrol car and pursued appellee's automobile. Appellee increased his speed and trooper Burchfield then engaged the siren on the patrol car. Appellee then turned onto a dirt surface country roadway and the two automobiles continued at a fast rate of speed. Because appellee's automobile was creating so much dust trooper Burchfield

got no closer than two-tenths of a mile behind appellee's vehicle. When trooper Burchfield's patrol car suddenly came to a dip in the roadway where a railroad crossing intersected the country roadway, the patrol car became airborne and crashed.

Trooper Burchfield radioed for aid and trooper Wesley Robinett, who was in the area, sighted appellee's speeding automobile and began pursuit. Trooper Robinett, also confronted with billowing clouds of dust from appellee's automobile, became airborne when passing through an intersection where the roadway dropped off four or five feet. Trooper Robinett was knocked unconscious in the crash.

Appellee then came upon a roadblock where another O.H.P. patrol car was parked with another trooper standing outside the vehicle with a gun. Appellee swerved to miss the trooper and the car, hit a stop sign, and crashed in the ditch.

The present suit was filed to recover $668.18 [1] for repairs to the patrol cars. The petition alleged the damage "was the direct and proximate result of the defendant's negligence and want of care . . . ." Appellee filed an answer which generally denied the petition and alleged the troopers' "negligence caused or contributed to the happening of the accident" and resulting damage. The answer also alleged the defenses of sudden emergency, unavoidable accident and that "the accident was proximately caused by the negligence of a third party over whom defendant has no control."

The case was tried to a jury. When appellant rested its case the trial court sustained appellee's demurrer to the evidence and dismissed the jury. In announcing its verdict the trial court said, "The court feels that there has been no showing whatsoever of the necessary proximate cause to maintain a damage action and therefore would sustain the demurrer to the evidence." Appellant now is challenging the judgment of the trial court arguing under one proposition of error.

Appellant's proposition reads:

1. The petition sets forth repair costs to three patrol vehicles in the amounts of $554.18, $55, and $59; however, the evidence is silent as to the $59 amount.

"The trial court committed reversible error in sustaining the demurrer to the evidence on the proximate cause issue."

█ The parties pleaded the case and tried it as if it was a negligence case. The trial court also treated it as a negligence case. However, it appears to be a case not of negligence, but involving intentional acts and conduct on the part of appellee. We say this because it is appellee's acts and conduct which are the claimed wrongdoing. The acts of attempting to elude the officers and escape capture can hardly be said to be negligent acts, but were an intentional breach of duty to stop when directed to do so. However, an act, regardless how wrongful, will not give rise to liability unless the unlawful act has some causal connection with the injury complained of. *Larrimore v. American Nat'l Ins. Co.,* 184 Okl. 614, 89 P.2d 340 (1939). Therefore, treating the case either as one of "negligence" or intentional wrongdoing, the pivotal issue is still causation.

In the present case it is undisputed appellee had the duty to obey the traffic laws (47 O.S.1971 § 11–102) and also to not attempt to elude the officers (21 O.S.1971 § 540A). Likewise, the officers may use all necessary means to effect an arrest when the defendant flees. 22 O.S.1971 § 193. The officers can also legally exceed the speed limit so long as life or property is not endangered. 47 O.S.1971 § 11–106(b)3.

█ Appellee argues it was the officers' acts and conduct which proximately caused the damage to the patrol cars. The appellant argues it was the acts of appellee which proximately caused the damage to the patrol cars and the troopers were operating within the boundaries of the above cited Oklahoma law. It must be remembered this case is before us to review the sustention of a demurrer to appellant's evidence. No citation is necessary for the fundamental rule that in considering a demurrer to the evidence, if the plaintiff makes a prima facie case (when considering his evidence as true and in a light most favorable to plaintiff and along with reasonable inferences to be drawn therefrom)

the demurrer should be overruled. The law is clear in Oklahoma that if defendant's act or acts contribute to production of injury, he is liable even though his act or negligence alone might not have caused it. *Oklahoma Ry. v. Ivery,* 201 Okl. 245, 204 P.2d 978 (1948); *Northup v. Eakes,* 72 Okl. 66, 178 P. 266 (1918). Therefore, in considering appellant's evidence in a light most favorable to appellant and the proof that appellee willfully (or negligently) breached his duty to stop and thereby forced the pursuit that resulted in the crash, appellants have shown a casual connection as a matter of law between the wrongful act and the damage. Having made out a prima facie case, it was error to sustain the demurrer. Exactly what, if any, wrongdoing the patrolmen may have done is a matter for the defense to show and is not properly considered on a demurrer to the evidence.

This case is reversed and remanded to the trial court for a new trial in accordance with the views expressed herein.

Reversed and remanded. ·

NEPTUNE, P. J., and BRIGHTMIRE, J., concur.