**Ivan KELLOG, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–87–534.**

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1988.

Bill Haworth, Jim McClure, Muskogee, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Ivan Kellog, appellant, was tried by jury and convicted of the misdemeanor of Attempting to Elude a Police Officer (21 O.S. 1981, § 540A), in Case No. CRM–84–556, in the District Court of Muskogee County, the Honorable Thomas H. Alford, Associate District Judge, presiding. The jury assessed punishment at a fine of Two Thousand ($2,000) dollars. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

At approximately 8:15 p.m. on November 18, 1984, the second day of deer season, Game Ranger Steven Boyd received a call that gunshots were heard more than two hours after sunset near the Kellog residence northeast of Warner, Oklahoma. Ranger Boyd drove his marked Department of Wildlife truck to appellant's home, parked on a dirt road with the lights extinguished, and observed a spotlight being shined from appellant's home into the surrounding pastures and the nearby woods. Appellant's truck crossed the road to a

neighboring ranch and the spotlight was again used to sweep the neighbor's fields. Appellant returned to his ranch and drove into the woods behind his house. The ranger could see the "spotlight working the woods." Ranger Boyd called for a backup ranger. Both rangers waited in Boyd's truck for appellant to return. When appellant drove back from the woods about two hours later while still working the spotlight, the rangers pulled into appellant's driveway, turned on their headlights and emergency lights, and stopped. The rangers remained in their truck.

Appellant approached within eight feet and Boyd identified appellant as the driver. Appellant made a "U" turn, circled his house and exited onto a dirt road with the rangers in pursuit. Appellant drove at high speed down the road, crashed through a gate, crossed a pasture and disappeared into the woods. The rangers watched the glow of the headlights and determined appellant was circling back to his house. Rather than try to follow appellant through the woods, the rangers backtracked to the house.

The house was dark when the rangers arrived. Appellant's mother stepped onto the porch and advised the rangers she was home alone. The rangers walked to the back yard, discovered appellant's truck, and determined the hood and the headlights were still hot. They called to appellant, who came out of the house. Ranger Boyd recognized appellant as the driver of the truck, arrested him for eluding a police officer, and the other ranger read the *Miranda* warning to appellant. After the arrest, the rangers discovered appellant's truck was equipped with a spotlight, had a weapon and spent cartridges in plain view in the cab, and had fresh blood and what appeared to be deer hair in the bed of the truck. After his arrest and again at trial, appellant claimed someone had stolen his truck and that he had been asleep since between 7:00 and 8:00 p.m.

Appellant raises one assignment of error: "The trial court committed reversible error in failing to give a directed verdict to appellant for the reason that the appellant's flight was justified because the Game Rangers lacked reasonable suspicion to stop appellant." *Brief of Appellant*, at 5. Appellant argues that "[i]f the Game Rangers did not have justification in attempting to stop appellant, then they were acting outside of the authority of law in attempting to stop appellant and, therefore, appellant owed no duty to obey the command to stop." Appellant concedes "this attorney knows of no case law which squarely addresses this issue. However, there is an abundance of case law dealing with the issue of resistance to an unlawful arrest." *Id.*, at 7.

■ Game rangers have the full powers of peace officers in the enforcement of the Game and Fish Code, 29 O.S.1981, § 3–201(B), and, as peace officers, have authority to make warrantless arrests for misdemeanors committed in their presence, 22 O.S.1981, § 196. Additionally, game rangers are empowered to arrest for the misdemeanor of eluding a game ranger under 21 O.S.1981, § 540A.

■ Spotlighting deer is a misdemeanor under 29 O.S.1981, § 5–203(B). When the game rangers pulled into appellant's driveway, they were investigating to determine whether the misdemeanor of spotlighting deer had been committed. A game ranger, like any other peace officer, has a right and a duty to investigate unusual or suspicious activity. *See Atterberry v. State*, 726 P.2d 898, 899 (Okla.Crim.App.1986).

■ Game rangers may stop a vehicle if, based upon all the circumstances and relying on their experience, they reasonably surmise that a particular vehicle is engaged in criminal activity in violation of the Game and Fish Code. *See United States v. Cortez*, 449 U.S. 411, 417–18, 421, 101 S.Ct. 690, 695, 697, 66 L.Ed.2d 621 (1981). We find the activity of "spotlighting" the rangers witnessed created a reasonable suspicion that criminal activity was afoot in violation of the game laws; therefore, the rangers were authorized to stop appellant's truck.

Rather than stop when the rangers flashed their red lights, appellant fled at

high speed. The rangers were driving a clearly marked Department of Wildlife truck and engaged their red lights and siren, as required by 21 O.S.1981, § 540A. At that point appellant had a duty to obey the traffic laws and a duty not to attempt to elude the rangers. *See State ex rel Oklahoma Department of Public Safety v. Ryan,* 591 P.2d 1187, 1189 (Okla.Ct.App. 1978). The rangers had the authority to use all reasonably necessary means to effect an arrest. *Id.* We conclude the rangers were acting within the scope of their authority and the warrantless arrest was lawful for the misdemeanor of attempting to elude a game ranger committed in the rangers' presence.

In light of the above, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.