The STATE of Oklahoma, Appellant,

v.

Guy Wayne HARRISON, Appellee.

No. S–88–103.

Court of Criminal Appeals of Oklahoma.

June 21, 1989.

Larry Derryberry, Patrick Shore, Derryberry, Quigley, Parrish and Gooding, Oklahoma City, and Odie Nance, Edmond, for appellee.

Robert H. Macy, Dist. Atty., Charles Rogers, Asst. Dist. Atty., Oklahoma City, for appellant.

OPINION

PARKS, Vice Presiding Judge:

The State, pursuant to Rule 6 of this Court's Rules, appeals the dismissal by

Special Judge Carolyn Ricks of charges filed in Case No. CRF–87–1721 against appellee, Guy Wayne Harrison. The State first appealed Judge Ricks' ruling to the Oklahoma County District Court and the ruling was was upheld by the Honorable James Gullett, District Judge.

Appellee was charged with fifteen counts of Embezzlement by Trustee under 21 O.S. 1981, § 1454. A preliminary hearing was held, wherein several witnesses and exhibits were presented to the magistrate. At the conclusion of the two-day hearing, the State asked that the information be amended to charge appellee with Embezzlement from the State, pursuant to 21 O.S.1981, § 341. The magistrate refused and bound appellee over on the charges of Embezzlement by Trustee. Subsequently, in district court, appellee moved to quash the Information, arguing that the proper charge was Embezzlement from the State. At the same time, the State moved to amend the charges to Embezzlement from the State. The State's motion was granted and the district court remanded the cause to the preliminary hearing magistrate for further proceedings. On remand, the State declared it would stand on the evidence submitted at the previous hearing, explained that transcripts of the hearing were available, and consented to appellee's calling of additional witnesses. The magistrate refused to allow the State to stand on the evidence presented at the previous hearing, holding that the State must again present all its evidence. Appellee then demurred, and the magistrate granted the demurrer. The State appealed the magistrate's ruling to the district court as required under Rule 6, and the district court upheld the magistrate's actions. The district court also made findings of fact regarding the propriety of charging appellee with Embezzlement from the State, and determined that this Court's decision in *Wiley v. State*, 349 P.2d 30, 36 (Okla.Crim.App.1960), was ambiguous and therefore insufficient authority upon which to base a charge of Embezzlement from the State. From this, the State appeals.

■ The State first argues that the magistrate erred by refusing to consider on remand the transcript of the first preliminary hearing. Appellee argues that a new preliminary hearing was required because a new crime was charged in the amended Information. However, appellee incorrectly assumes that a new preliminary hearing is required any time an Information is amended to charge a different crime. This Court has consistently held that "an amended information does not require a new preliminary examination if it does not substantially alter the charge," or "necessitate the introduction of new issues." *Grizzle v. State*, 559 P.2d 474, 479 (Okla.Crim. App.1977). *See* 22 O.S.1981, § 304. In the present case, the amended Information did not substantially alter the charge of Embezzlement nor did it necessitate the introduction of new issues, as shown by the prosecutor's statement:

> The State's facts aren't going to change. The witnesses would give the same testimony. It would simply be redundant and an exercise in futility and waste of the Court's time to come in and put these same witnesses on and have them testify to the same facts which are presently before you and have been before you.

The basic thrust of the two charges is identical. Thus, we agree it was error for the magistrate to grant appellee's demurrer.

■ Next, the State argues that the amendment was proper as 21 O.S.1981, § 341 includes "every other person receiving any money or other thing of value on behalf of or for account of this state...." Appellee does not rebut this assertion, but instead relies on the fact that the State presented no new evidence at the second preliminary hearing to support the amendment. Appellee claims that the record of the first preliminary hearing could not be considered. However, as we stated above, the amendment did not require a new preliminary hearing, thus appellee's argument is without merit. The remaining question is whether Section 341 should be narrowly

construed to exclude the acts of appellee, as was decided by the district court.

The district court, reviewing the actions of the magistrate, held that Section 341 was not broad enough to include an employer who withholds taxes on behalf of the state, but fails to remit the same as required by law. Section 341 specifically states that every person, receiving money or property on behalf of or for the account of this state, who appropriates or willfully omits or refuses to pay over to the state such money or property shall be guilty of embezzlement. In *Wiley v. State*, 349 P.2d 30, 36 (Okla.Crim.App.1960), this Court stated "the statute is probably broad enough to cover anyone who assumes to receive any money or property for account of the state who does not in such assumed role deliver the same to the state but appropriates it to his own use." This interpretation is consistent with the actual language of the statute, and we see no reason to depart from our previous interpretation. *See* 68 O.S.1981, § 2385.3(d). Thus, the ruling of law of the district court was erroneous.

Having found the State's first two propositions of error meritorious, the third proposition raised need not be addressed by this Court.

For the abovementioned reasons, this cause is REVERSED and REMANDED for further proceedings not inconsistent with this opinion.

BRETT, P.J., and LANE and LUMPKIN, JJ., concur.