2003 OK CR 10

**Lloyd HICKS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2002–490.**

Court of Criminal Appeals of Oklahoma.

May 21, 2003.

Robert Fugate, Okmulgee, OK, counsel for appellant at trial.

Max Cook, District Attorney, Glen Hickerson, Assistant District Attorney, Okemah, OK, counsel for the State at trial.

S. Gail Gunning, Norman, OK, counsel for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, counsel for appellant on appeal.

## SUMMARY OPINION

LUMPKIN, Judge.

¶1 Appellant Lloyd Hicks was tried by jury and convicted of Driving While Under the Influence of Intoxicating Liquor, Subsequent Offense (Count I) (47 O.S.2001, § 11–902) and misdemeanor Driving Under Suspension (Count II) (47 O.S.2001, § 6–303(B)) in Case No. CF–2001–29, in the District Court of Okfuskee County. The jury recommended as punishment seven (7) years in prison and a one thousand dollar ($1,000.00) fine in Count I, and six (6) months in the county jail and a five hundred ($500.00) fine in Count II. The trial court sentenced accordingly. It is from this judgment and sentence that Appellant appeals. Appellant raises the following proposition of error in support of his appeal:

I. Appellant was prejudiced by the trial court's failure to properly instruct the jury on the range of punishment for a third or subsequent felony offense of driving while under the influence of intoxicating liquor.

¶2 After a thorough consideration of this proposition and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined the case should be remanded for resentencing.

¶3 This Court has long held that jury instructions are a matter committed to the sound discretion of the trial court, whose judgment will not be disturbed as long as the instructions, taken as a whole, fairly and accurately state the applicable law. *Williams v. State*, 22 P.3d 702, 711 (Okl.Cr.2001); *Omalza v. State*, 911 P.2d 286, 303 (Okl.Cr.1995). The trial court is to instruct the jury on the applicable law, including the full range of punishment. *Ellis v. State*, 749 P.2d 114, 115 (Okl.Cr.1988).

¶4 We agree with the trial judge that the decision as to sentencing options such as alcohol treatment, community service, and probation has been historically reserved to the sentencing judge under 22 O.S.Supp. 2002, § 991a. However, we find the trial court abused its discretion in this case by refusing to instruct the jury as to all punishment options listed under 47 O.S.2001, § 11–902(C)(4). While the in-patient treatment option set forth in § 11–902(C)(4)(a) is a rehabilitative type punishment not usually within the realm of a jury's sentencing powers, the plain language of the statute, and the absence of any limiting language, makes that sentencing option available to either a judge or jury. Just as the Legislature established the sentencing powers of the court in 22 O.S.Supp.2002, § 991a, it also has the authority to make treatment a punishment option for determination by the trier of fact. While the procedure may raise questions regarding the enforcement of the punishment, those questions cannot impede the application of the facially constitutional statute.

¶5 It is impossible to determine what a jury in this case would have done under a proper instruction setting forth all punishment options. Therefore, we find the case should be remanded to the trial court for resentencing with instructions to instruct the jury as to both punishment options listed under § 11–902(C)(4). *See Scott v. State*, 808 P.2d 73, 77 (Okl.Cr.1991) (in a non-capital case where the Court has determined that a sentence is infirm due to trial error it may exercise one of three options: modify within the range of punishment, modify to the minimum punishment allowable by law, or remand to the trial court for resentencing).

## DECISION

The Judgment is *AFFIRMED,* and the case is *REMANDED TO THE DISTRICT*

*COURT FOR RESENTENCING CONSISTENT WITH THIS OPINION.*

JOHNSON, P.J., and LILE, V.P.J., and CHAPEL, J. and STRUBHAR, J.: concur.