OSCN Found Document:LEWALLEN v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 LEWALLEN v. STATE
2016 OK CR 4
Case Number: F-2014-1063
Decided: 03/11/2016
WILLIAM TODD LEWALLEN, Appellant, v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2016 OK CR 4, __ __

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant William Todd Lewallen was tried by jury and convicted of Child Neglect, After Former Conviction of Two or More Felonies, in violation of 21 O.S.2011, § 843.5(C), in the District Court of Tulsa County, Case No. CF-2012-5174. The jury assessed punishment at twenty-three (23) years imprisonment. The Honorable Mark Barcus, District Judge, sentenced accordingly.[1] Lewallen appeals, raising the following issues:

(1) whether the district court erroneously instructed the jury on the range of punishment for child neglect after former conviction of two or more felonies;

(2) whether the evidence was sufficient to support his conviction for child neglect;

(3) whether improper expert opinion invaded the province of the jury and denied him a fair trial;

(4) whether the district court erred in refusing defense counsel's request for an instruction on the offense of child endangerment; and

(5) whether he received the effective assistance of counsel.

¶2 After thorough consideration of these propositions, and the entire record before us on appeal, including the original record, transcripts, exhibits and briefs of the parties, we AFFIRM Lewallen's conviction. However, finding merit with Lewallen's first proposition of error, we VACATE the sentence and REMAND this matter for RESENTENCING.

1.

¶3 Lewallen contends the trial court erroneously instructed the jury on the range of punishment for child neglect after former conviction of two or more felonies. For the reasons set forth below, we agree. The jury was incorrectly instructed pursuant to 21 O.S.2011, § 51.1(B) that the range of punishment was 20 years to life imprisonment. Although Lewallen failed to timely object, this error constitutes plain error which requires Lewallen's sentence be vacated and the case remanded for resentencing with proper instructions on the range of punishment. See Scott v. State, 1991 OK CR 31, ¶ 14, 808 P.2d 73, 77 (in a non-capital case where the Court has determined that a sentence is infirm due to trial error it may exercise one of three options: modify within the range of punishment, modify to the minimum punishment allowable by law, or remand to the trial court for resentencing); 22 O.S.2011, § 1066.

¶4 When a defendant with two or more felony convictions is convicted of an offense enumerated in 57 O.S.2011, § 571, his punishment range is 20 years to life. 21 O.S.2011, § 51.1(B). If the conviction is for an offense not listed in § 571, and the offense does not carry a minimum sentence for a first offense, the range of punishment is 4 years to life. 21 O.S.2011, § 51.1(C). While child abuse is an enumerated offense under § 571,[2] child neglect is not. The State asserts that the definition of child abuse includes neglect, and accordingly, the inclusion of child abuse in § 571 automatically encompasses child neglect. The Court's resolution of this issue in unpublished cases has been inconsistent--both accepting and rejecting the State's assertion.[3] A definitive resolution of this issue is necessary to rectify the confusion created by these cases.

¶5 At the time of Lewallen's offense, the definition of "child abuse" as provided within 21 O.S.2011, § 843.5(A) specifically referenced the definition of "abuse" set forth in 10A O.S.Supp.2012, §§ 1-1-105(2) of the Oklahoma Children's Code. This definition contains the phrase "harm or threatened harm." Id. "Harm" is defined in subsection 1-1-105(2)(a) and includes the term "neglect." It is the inclusion of the word "neglect" within this definition that provides the basis for the State's argument.

¶6 "[T]o ascertain the intention[s] of the Legislature . . . , we may look to each part of the statute, to other statutes upon the same or relative subjects, to the evils and mischiefs to be remedied, and to the natural or absurd consequences of any particular interpretation." State ex rel. Mashburn v. Stice, 2012 OK CR 14, ¶ 11, 288 P.3d 247, 250 (citing Lozoya v. State, 1996 OK CR 55, ¶ 20, 932 P.2d 22, 28). "Each part of the various statutes must be given intelligent effect." Id.

¶7 The relevant statutes which must be evaluated and balanced in this matter are 21 O.S.2011, § 843.5 and 57 O.S.2011, § 571. Pursuant to 21 O.S.2011, §§ 843.5(A) and (C), child abuse and child neglect are separate and distinct criminal offenses. Simply, each offense is defined differently. As previously noted, child abuse was defined by 10A O.S.Supp.2012, § 1-1-105(2)[4] at the time of Lewallen's offense. On the other hand, the crime of child neglect was defined by 10A O.S.Supp.2012, § 1-1-105(47).[5] By definition both offenses include a failure to protect component. However, the protection component of child neglect is strictly limited to protecting a child from exposure to drugs, illegal activities or sexual acts. 21 O.S.2011, § 843.5(C); 10A O.S.Supp.2012, § 1-1-105(47). Hence, while some instances of child neglect could amount to child abuse, not every case of neglect is encompassed within child abuse. Indeed, in light of the definitional restrictions set forth in § 1-1-105(47), it is a stretch to say that even a bare majority of the instances of child abuse would amount to child neglect or vice versa. Thus, the Legislature clearly intended to create two separate criminal offenses. Lumping the two offenses together with regard to § 571 ignores the distinct delineation between the two offenses.

¶8 Had the Legislature intended for both offenses to be designated as a "violent crime" pursuant to § 571, it would have specifically designated both offenses as such in § 571. To find otherwise fails to give "intelligent effect" to each part of the relevant statutes. See Stice, 2012 OK CR 14, ¶ 11, 288 P.3d at 250. Thus, finding the jury was incorrectly instructed pursuant to 21 O.S.2011, § 51.1(B), Lewallen's sentence should be vacated and the case remanded for resentencing with proper instructions on the range of punishment--4 years to life.

2.

¶9 After reviewing the evidence in the light most favorable to the State, we find that any rational trier of fact could find beyond a reasonable doubt that Lewallen was guilty of child neglect based on the evidence presented at trial. See Logsdon v. State, 2010 OK CR 7, ¶ 5, 231 P.3d 1156, 1161; Spuehler v. State, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-204. The evidence was sufficient to sustain Lewallen's conviction.

3.

¶10 We reject Lewallen's claim that he was denied a fair trial by admission of improper expert opinion from a pediatrician who examined the victims for abuse and neglect. The medical expert was qualified based on her training and experience to testify on the subject of child neglect. 12 O.S.Supp.2013, § 2702. Her testimony was helpful and admissible to assist the jury in its determination of the issues at trial. See Coddington v. State, 2006 OK CR 34, ¶ 41, 142 P.3d 437, 449 ("Any properly qualified expert testifying in accordance with the standards governing admissibility of expert testimony may offer an opinion on the ultimate issue if it would assist the trier of fact.") (quoting Johnson v. State, 2004 OK CR 25, ¶ 16, 95 P.3d 1099, 1104).

4.

¶11 We find that the trial court did not abuse its discretion in denying Lewallen's requested jury instruction on the offense of child endangerment because the evidence did not support this instruction. Jones v. State, 2006 OK CR 17, ¶ 6, 134 P.3d 150, 154; Shrum v. State, 1999 OK CR 41, ¶ 9, 991 P.2d 1032, 1036 (a lesser offense instruction should not be given unless the evidence would support a conviction for the lesser offense).

5.

¶12 Lewallen's final claim of ineffective assistance of counsel has been rendered moot by this Court's finding of error in proposition one, which dictates Lewallen's sentence be vacated and the case remanded for resentencing.

DECISION

¶13 The Judgment is AFFIRMED, but the Sentence is VACATED and the cause REMANDED to the District Court for RESENTENCING consistent with this Opinion. Lewallen's request for oral argument is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE MARK BARCUS, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL
 
 CHARLES SULLIVAN
 SARA GARRETT
 ASSISTANT PUBLIC DEFENDERS
 423 S. BOULDER, SUITE 300
 TULSA, OK 74103
 ATTORNEYS FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL
 
 STUART W. SOUTHERLAND
 ASSISTANT PUBLIC DEFENDER
 423 S. BOULDER, SUITE 300
 TULSA, OK 74103
 ATTORNEY FOR APPELLANT
 
 
 
 
 
 KEVIN GRAY
 ASSISTANT DISTRICT ATTORNEY
 500 S. DENVER
 TULSA, OK 74103
 ATTORNEY FOR STATE
 
 
 
 
 E. SCOTT PRUITT
 OKLAHOMA ATTORNEY GENERAL
 MATTHEW L. WARREN
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 ATTORNEYS FOR APPELLEE
 
 
 

OPINION BY: HUDSON, J.
SMITH, P.J.: CONCURS IN PART/DISSENTS IN PART
LUMPKIN, V.P.J.: CONCURS
JOHNSON, J.: CONCURS IN PART/DISSENTS IN PART
LEWIS, J.: CONCURS 

FOOTNOTES

[1] Under 21 O.S.2011, § 13.1, Lewallen must serve 85% of the sentence imposed before he is eligible for parole.

[2] 57 O.S.2011, § 571(2)(w).

[3] See Littleraven v. State, No. C-2014-0693 (Okl.Cr. July 9, 2015) (Unpublished) (Petitioner who entered guilty plea to child neglect after former conviction of two or more felonies was allowed to withdraw his guilty plea after being advised that the range of punishment was 20 years to life because child neglect is not a specifically enumerated crime under 57 O.S.2011, § 571); Cole v. State, No. F-2013-0813 (Okl.Cr. Oct. 29, 2014) (Unpublished) (inclusion of child abuse in § 571 encompasses child neglect); Jackson v. State, No. F-2013-0833 (Okl.Cr. Oct. 1, 2014) (Unpublished) (same).

[4] Effective May 9, 2014, the Legislature amended Title 21, Section 843.5(A) wholly defining "child abuse" within the subsection and removing its reference to Title 10A, § 1-1-105(2) for the definition. Notably, "neglect" is not included within this definition.

[5] The current version of Title 21, Section 843.5(C)--child neglect--still references § 1-1-105 for the definition of "child neglect".

 

 

JOHNSON, J., CONCURRING IN PART AND DISSENTING IN PART:

¶1 The majority concludes, and I agree, that Lewallen's Judgment should be affirmed. I cannot agree, however, with the majority's conclusion that error raised in Proposition 1 requires the case be remanded for resentencing. I would reject Lewallen's claim that the district court erroneously instructed the jury on the range of punishment for child neglect after former conviction of two or more felonies. When a defendant with two or more felony convictions is convicted of an offense enumerated in 57 O.S.2011, § 571, his punishment range is twenty years to life. 21 O.S.2011, § 51.1(B). Child abuse is an enumerated offense under § 571. 57 O.S.2011, § 571(2)(w). "Abuse" is defined, in pertinent part, as "harm or threatened harm or failure to protect from harm or threatened harm to the health, safety, or welfare of a child[.]" 10A O.S.Supp.2012, § 1-1-105(2). "Harm or threatened harm to the health or safety of a child" is further defined as "any real or threatened physical, mental, or emotional injury or damage to the body or mind that is not accidental including but not limited to sexual abuse, sexual exploitation, neglect, or dependency." Id. § 1-1-105(2)(a) (emphasis added). In other words, "neglect" is explicitly included in the definition of "harm or threatened harm to the health or safety of a child," a phrase used to define "child abuse." The inclusion of child abuse in § 571, therefore, automatically encompasses child neglect. The district court properly instructed the jury on the range of punishment under 21 O.S.2011, § 51.1(B). I would find, therefore, that because the jury instructions, as a whole, fairly and accurately stated the applicable law in effect at the time the crime was committed there was no abuse of discretion. See Hicks v. State, 2003 OK CR 10, ¶ 3, 70 P.3d 882, 883.

¶2 I am authorized to state that Judge Smith joins this opinion.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1991 OK CR 31, 808 P.2d 73, Scott v. State
Discussed
 1996 OK CR 55, 932 P.2d 22, Benjamin Lozoya v. State
Discussed
 1999 OK CR 41, 991 P.2d 1032, Shrum v. State
Discussed
 2003 OK CR 10, 70 P.3d 882, HICKS v. STATE
Discussed
 2004 OK CR 25, 95 P.3d 1099, JOHNSON v. STATE
Discussed
 2006 OK CR 17, 134 P.3d 150, JONES v. STATE
Discussed
 2006 OK CR 34, 142 P.3d 437, CODDINGTON v. STATE
Discussed
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATE
Discussed
 2012 OK CR 14, 288 P.3d 247, STATE v. STICE
Discussed at Length
 1985 OK CR 132, 709 P.2d 202, SPUEHLER v. STATE
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2702, Testimony by Experts
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 51.1, Punishment for Second and Subsequent Offenses after Conviction of Offense Punishable by Imprisonment in State Penitentiary
Discussed at Length
 21 O.S. 843.5, Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties
Discussed at Length
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1066, Power of Appellate Court - Procedure When Case Reversed for New Trial - Duties of Court Clerk
Cited
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 571, Definitions
Discussed at Length