**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 21, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WILLIAM TODD LEWALLEN,

    Petitioner - Appellee,

v.

SCOTT CROW,

    Respondent - Appellant.

No. 21-5069
(D.C. No. 4:18-CV-00414-CVE-CDL)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), trying to persuade a federal habeas court to undo a state court's resolution of a federal constitutional issue is often a fool's errand. The statute requires us to give considerable deference to the state court's reasoning, allowing us to grant habeas relief only if we determine that the state court unreasonably applied clearly established federal law. See 28 U.S.C. § 2254(d).

An Oklahoma jury convicted Petitioner William Lewallen of child neglect after he combined pain medication with alcohol and could not care for his young

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

children, resulting in their being locked outside naked in the cold and in a dog cage while covered in dog feces. Because Oklahoma permits sentencing by juries, the same jury sentenced Petitioner. Later, the Oklahoma Court of Criminal Appeals vacated Petitioner's sentence and remanded for resentencing. At his resentencing before a different jury, Petitioner wanted to testify. But the sentencing court excluded Petitioner's proffered testimony after determining it was irrelevant to sentencing under Oklahoma law.

After the jury resentenced him, Petitioner appealed, arguing that the sentencing court deprived him of a federal constitutional right to present his proffered testimony. The Oklahoma Court of Criminal Appeals disagreed and affirmed his sentence. So Petitioner petitioned the Northern District of Oklahoma for a writ of habeas corpus under 28 U.S.C. § 2254. The district court agreed that excluding Petitioner's testimony from his resentencing proceeding violated the Constitution and further concluded that Petitioner satisfied AEDPA's demanding standard. So the district court conditionally granted the habeas petition. Respondent Scott Crow, Director of the Oklahoma Department of Corrections, appealed. We stayed the district court's order pending resolution of the appeal, and exercising jurisdiction under 28 U.S.C. § 2253, we now reverse.

I.

In November 2012 in Tulsa, Oklahoma, a neighbor heard a child in Petitioner's yard yelling: "I'm sorry, Daddy. I won't do it again. Please let me in. It's cold." The neighbor climbed over the fence to find Petitioner's three-year-old

2

son naked in the forty-two-degree weather, begging his father to let him inside. Noticing that the child's lips were purple, the neighbor wrapped the child in a jacket, took him home, and called the police.

Officers arrived about twenty-five minutes later and knocked loudly on Petitioner's door. When nobody answered, they walked around the house, where they spotted Petitioner's one-year-old daughter through a window locked in a dog cage. The officers kicked down Petitioner's back door and entered the house. They removed the child from the dog cage, noticing that she was covered in her own and a dog's feces. The officers also observed that the floor and walls of the house were covered in rotting food, soiled diapers, and dog feces. Eventually, the officers found Petitioner asleep in his bed with another three-year-old sleeping naked next to him. After some effort, the officers awakened Petitioner, who woke up confused and disoriented.

Petitioner told the officers that his family had just moved into the house and that he had been in the hospital the previous evening with two cracked vertebrae. Petitioner left the hospital against medical advice at 9:00 p.m. because he needed to watch his children so his wife could go to work. Petitioner said that he had been up since 4:30 a.m. watching the children. At around 3:30 p.m., Petitioner took a dose of the painkiller oxycodone for his back pain and drank a beer. That day, Petitioner had taken four doses of oxycodone, two muscle relaxers, and a seizure medication. He then laid down with the children to take a nap. That was the last thing Petitioner remembered before waking up to the police in his house. Petitioner said that he did

3

not know how his children became locked outside and in a dog cage. He also admitted that he thought he could take care of his children while on medication but that evidently, he could not. A pediatrician diagnosed all three children with child neglect, though she noted that the children were healthy, adequately nourished, and free of injury.

In 2014, an Oklahoma jury convicted Petitioner of child neglect. Oklahoma is one of a few states that permits juries to sentence noncapital defendants. Petitioner's jury recommended a twenty-three-year sentence. The Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction but vacated his sentence due to an error in the jury instructions and remanded for resentencing. See Lewallen v. Oklahoma, 370 P.3d 828, 830 (Okla. Crim. App. 2016). Petitioner opted to again have a jury sentence him, so the court empaneled a new jury. Because this new jury heard none of the evidence of Petitioner's crime, Oklahoma law allowed the state to admit all evidence admitted in Petitioner's trial. See Okla. Stat. tit. 22, § 929(c)(1). The state also admitted evidence of Petitioner's seven prior felony convictions. Although he did not testify at his guilt–innocence trial, Petitioner wanted to testify at his resentencing. After receiving a proffer of Petitioner's proposed testimony, the court determined that the testimony was not relevant to sentencing under Oklahoma law and excluded it. The jury recommended a fourteen-year sentence.

Petitioner appealed, arguing that he had a federal constitutional right to testify at his resentencing and that the court deprived him of that right when it excluded his testimony as irrelevant under Oklahoma law. But the Oklahoma Court of Criminal

4

Appeals affirmed. So Petitioner asked the Northern District of Oklahoma for a writ of habeas corpus on the same grounds. The district court conditionally granted the petition, ordering Respondent to release Petitioner unless the state resentenced him and permitted him to testify at the resentencing hearing. Respondent appeals.

## II.

When reviewing a district court's grant of habeas relief, we review the court's factual findings for clear error and its legal conclusions de novo. Richie v. Mullin, 417 F.3d 1117, 1120 (10th Cir. 2005). Under AEDPA, federal courts may grant habeas relief from a state-court judgment only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or . . . was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Only the Supreme Court's holdings constitute clearly established federal law under AEDPA. White v. Woodall, 572 U.S. 415, 419 (2014) (citation omitted). We may not grant habeas relief simply because, in our view, the state court's decision was wrong or even clearly erroneous; the state court's application of the Supreme Court's holdings must be objectively unreasonable. Id. (citation omitted). That is, the state court's decision must have been "so lacking in justification" under existing Supreme Court precedent that "no possibility for fairminded disagreement" exists. Id. at 420 (citation omitted). Even a strong case on the merits does not render a state court's contrary holding unreasonable. Harrington v. Richter, 562 U.S. 86, 102 (2011). Federal habeas corpus protects petitioners from "extreme malfunctions" in state-court adjudications

5

but does not offer another chance at ordinary error correction like a regular appellate process. Id. at 102–03 (citation omitted).

### III.

Under Oklahoma law, the parties in a resentencing proceeding after remand may admit exhibits and transcripts of testimony properly admitted in the guilt–innocence trial and prior sentencing. Okla. Stat. tit. 22, § 929(C)(1). The parties may also admit "[a]dditional relevant evidence." Id. Although Petitioner did not testify in his guilt–innocence trial or previous sentencing, he sought to testify at his resentencing about his version of events, arguing that his testimony constituted additional relevant evidence.

Petitioner proffered that if permitted, he would testify about his medical conditions that left him unable to work and needing medication, his unfamiliarity with oxycodone and the effect it would have on him, his belief that his children locked each other outside and in the dog cage, and his unawareness that they had done so.[1] The sentencing court determined that Petitioner's proffered testimony constituted either guilt–innocence evidence or mitigation evidence, both of which are irrelevant to noncapital sentencing under Oklahoma law. See Malone v. Oklahoma, 58 P.3d 208, 209–10 (Okla. Crim. App. 2002) (holding that Oklahoma law does not allow the presentation of mitigation evidence to a sentencing jury); Rojem v.

---

[1] Although we do not quote the entirety of Petitioner's proffered testimony, the district court did so. See Lewallen v. Crow, No. 18-CV-0414, 2021 U.S. Dist. LEXIS 150870, at *16–21 (N.D. Okla. Aug. 11, 2021).

Oklahoma, 130 P.3d 287, 299 (Okla. Crim. App. 2006) ("[R]esentencing proceedings should not be viewed as a second chance at revisiting the issue of guilt."). So the sentencing court excluded the testimony as irrelevant.

On appeal, the Oklahoma Court of Criminal Appeals rejected Petitioner's argument that Rock v. Arkansas, 483 U.S. 44 (1987), guaranteed him a right to present his excluded testimony to the resentencing jury. The court acknowledged that under Rock, criminal defendants have a right to testify in their defense. But the court also noted that Rock did not purport to create an absolute right, acknowledging that in some cases, other interests may outweigh a defendant's right to testify. Thus, the Oklahoma Court of Criminal Appeals held that Petitioner had no right under Rock to present irrelevant testimony.

In Rock, the Supreme Court addressed an Arkansas evidentiary rule that barred defendants from testifying about any facts recalled through hypnosis because of the questionable reliability of hypnotically refreshed testimony. See Rock, 483 U.S. at 56. In that case, the rule excluded most of the defendant's testimony. See id. at 57. Although acknowledging the state's interest in excluding unreliable testimony, the Supreme Court was unconvinced that a court could never ensure the reliability of hypnotically refreshed testimony. See id. at 61. Thus, the Supreme Court held that by not allowing reliability determinations case by case, Arkansas's categorical rule excluding all hypnotically refreshed testimony arbitrarily restricted a defendant's right to testify at trial. See id.

7

We disagree with the district court that the Oklahoma Court of Criminal Appeals unreasonably applied Rock.  As the Oklahoma Court of Criminal Appeals acknowledged, Rock did not create an unlimited right to testify.  See id. at 55 ("Of course, the right to present relevant testimony is not without limitation.").  Nor does Rock prohibit states from applying their evidentiary rules to a defendant's testimony when doing so reasonably accommodates legitimate state interests.  See id.  Here, the Oklahoma Court of Criminal Appeals determined that excluding Petitioner's proffered testimony accommodated Oklahoma's "most basic rule of admissibility"— admitting only relevant evidence.  App. Vol. II at 163.  Thus, the court determined that excluding Petitioner's irrelevant testimony did not violate Rock.

In Rock, a state did not exclude testimony deemed irrelevant under state law.  Rather, in Rock a state excluded concededly relevant testimony based on the state's categorical determination that such evidence could never be reliable.  Given the different issue here, Rock does not clearly establish that a state must permit defendants to present sentencing testimony that state law says is irrelevant to the sentencing determination.

Indeed, Rock suggested the opposite.  Rock characterized a defendant's right to testify as "the right to present *relevant* testimony."  483 U.S. at 55 (emphasis added).  If a defendant's right to testify extends only to relevant testimony, then excluding irrelevant testimony does not implicate the right.  See United States v. Palms, 21 F.4th 689, 703 (10th Cir. 2021) ("[T]he Constitution does not mandate the admission of irrelevant . . . evidence.").  The Oklahoma Court of Criminal Appeals

has held that mitigation evidence is irrelevant under Oklahoma law in noncapital sentencings. See App. Vol. II at 163; Malone, 58 P.3d at 209–10. Thus, Rock does not clearly establish Petitioner's right to present mitigation testimony in a sentencing proceeding.

Nor does Petitioner identify any Supreme Court cases establishing that state courts must admit mitigation evidence in noncapital sentencing proceedings regardless of its relevance under state law. The district court stated that whether the Constitution requires state courts to permit mitigation evidence in noncapital sentencings is not "the question in this case." Lewallen, 2021 U.S. Dist. LEXIS 150870, at *60 n.22. But it is the question because mitigation evidence is irrelevant under Oklahoma law, and Petitioner has no right to present irrelevant testimony. So unless the Constitution makes Petitioner's mitigation testimony relevant to his noncapital sentencing, he had no right to present it.

In a footnote, the district court quoted Justice O'Connor's concurring opinion from Gilmore v. Taylor, 508 U.S. 333, 349 (1993) (O'Connor, J., concurring), which acknowledged that the Supreme Court has not extended to noncapital sentencings the right recognized in capital cases to present mitigation evidence. Lewallen, 2021 U.S. Dist. LEXIS 150870, at *59 n.22. Even so, Justice O'Connor concluded that the idea of "constitutionally relevant evidence" was not limited to capital cases. Id. (quoting Gilmore, 508 U.S. at 349 (O'Connor, J., concurring)). So the district court determined that Justice O'Connor's concurrence "suggests" that Petitioner's proffered testimony "may have been 'constitutionally relevant,' and thus admissible,

9

even if not relevant under state law." Id. at *60 n.22.  But concurring opinions do not clearly establish law under AEDPA.  Only the Supreme Court's holdings do that. White, 572 U.S. at 419. Thus, the Oklahoma Court of Criminal Appeals did not unreasonably apply clearly established federal law when it held that the sentencing court did not violate Petitioner's rights by excluding his mitigation testimony as irrelevant under state law.

In sum, Rock held that a state may not bar a defendant from offering relevant, hypnotically refreshed testimony at a guilt–innocence trial based only on the categorical determination that such testimony is always unreliable.  The Oklahoma Court of Criminal Appeals' holding that Rock does not require allowing a noncapital defendant to present irrelevant-under-state-law mitigation testimony at a sentencing proceeding was not unreasonable.  Even if the right to testify at issue in Rock applies in a sentencing proceeding, the Oklahoma Court of Criminal Appeals' decision was not "so lacking in justification" as to eliminate any "possibility for fairminded disagreement." White, 572 U.S. at 420.  The district court therefore erred in granting Petitioner a writ of habeas corpus.

REVERSED.

Entered for the Court

Joel M. Carson III
Circuit Judge

10